UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN HODGES,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00790-AWI-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 17 & 26) |

    Melvin Hodges ("Plaintiff") is a federal prisoner proceeding *pro se* with this civil rights action. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case is pled as a *Bivens* matter and is proceeding "on Plaintiff's claims for unconstitutional conditions of confinement against defendants Matevousian, Cassity, and Hurte." See Doc. No. 6. Specifically, Plaintiff complains that the lights are no longer turned off at night at the Atwater federal prison and, as a result, Plaintiff is suffering from sleep deprivation. See Doc. No. 1.

    On April 12, 2019, Defendants filed a motion to dismiss. See Doc. No. 17.

    On October 29, 2019, the magistrate judge entered findings and recommendations ("F&R"). See Doc. No. 26. The F&R recommended granting the motion to dismiss and dismissing the *Bivens* claims against the defendants with prejudice. See id. The F&R also recommended permitting the case to proceed on Plaintiff's request for injunctive relief. See id.

1

The parties were provided an opportunity to file objections to the F&R. On November 12, 2019, Plaintiff filed objections. See Doc. No. 27. On November 21, 2019, Defendants filed their objections. See Doc. No. 28.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case.

With respect to Plaintiff's objections, those objections simply emphasize the extreme negligence of the Defendants. However, that is not the standard for permitting a *Bivens* matter. As the F&R correctly concluded, recognizing a *Bivens* claim for allegedly unconstitutional lighting practices is inappropriate. See Doc. No. 26 (applying Ziglar v. Abbasi, 147 S.Ct. 1843 (2017)).

With respect to Defendants' objections, Defendants argue that the motion to dismiss should be granted in its entirety and the case dismissed. Defendants contend that *Bivens* is the only bases pled for relief and that *Bivens* does not provide for equitable relief. Defendants argue that, at most, Plaintiff should be granted leave to file an amended complaint that identifies proper authority for equitable relief.

After review, the Court agrees with Defendants and respectfully disagrees with the F&R. "[M]oney damages is the remedy under *Bivens*." Ministerio Roca Solida v. McKelvey, 820 F.3d 1090, 1094 (9th Cir. 2016). "*Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action." Id. at 1093. Because *Bivens* is the only basis for relief that is pled in the Complaint, Plaintiff cannot obtain the equitable relief he seeks, i.e. bringing the camp nighttime lighting to acceptable standards. Therefore, dismissing the Complaint entirely is appropriate. See id. However, it may be possible for Plaintiff to identify authority or legal a basis for seeking injunctive relief. See Zavala v. Rios, 721 F. App'x 720, 721-22 (9th Cir. May 2, 2018) (noting that equitable relief may be possible against a prison through 5 U.S.C. § 702, 28 U.S.C. § 1361, or 28 U.S.C. § 1331). Therefore, the Court will dismiss the Complaint with leave to amend in order to give Plaintiff the opportunity to identify a non-*Bivens* basis for equitable relief.

With this modification, the Court will adopt the F&R and dismiss the Complaint.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued on October 29, 2019, are ADOPTED consistent with this order;
2. Defendants' motion to dismiss (Doc. No. 17) is GRANTED;
3. Plaintiff's Complaint is DISMISSED as follows:
    a. Plaintiff's claim for damages under *Bivens* for unconstitutional conditions of confinement against Defendants Matevousian, Cassity, and Hurte is DISMISSED with prejudice;
    b. Plaintiff's claim for equitable relief is DISMISSED with leave to amend, as described above;[1]
4. Plaintiff may file an amended complaint with twenty-eight (28) days of service of this order;
5. If Plaintiff fails to file a timely amended complaint, leave to amend will be withdrawn automatically and this case will be closed without further notice.

IT IS SO ORDERED.

Dated: March 6, 2020

SENIOR DISTRICT JUDGE

---

[1] Any amended complaint must clearly and expressly identify the basis/legal authority that authorizes the equitable relief sought. Furthermore, the amended complaint must contain factual allegations that plausibly demonstrate that Plaintiff is entitled to relief; it is not enough for plaintiff to merely list elements or state that he is entitled to relief in a conclusory fashion. See Iqbal v. Ashcroft, 556 U.S. 662 (2009); Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014).